Clara Z. PACK, Plaintiff–Appellant,

v.

Donald H. RUMSFELD, Secretary, Department of Defense, Defendant–Appellee.

No. 02–2014.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2002.*

Decided Oct. 16, 2002.

Rehearing Denied Nov. 14, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Clara Pack sued her employer, the United States Department of Defense ("DOD"), claiming that she was discriminated against on the basis of religion and was the victim of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Her complaint was based primarily on the DOD's failure to promote her on two occasions. The district court granted summary judgment for the defendant, and we affirm.

We have carefully read Pack's pro se brief in order to understand the nature of her disagreement with the district court's ruling. Rule 28 of the Federal Rules of Appellate Procedure requires that an appellant's brief contain specific arguments, with citation to supporting legal authority. *See* Fed. R.App. P. 28(a)(9)(A); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). We discern two arguments in Pack's brief that arguably meet this standard.

First, she suggests that Rule 38 of the Federal Rules of Civil Procedure and the recent Supreme Court case of *Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), preserve her right to a jury trial. *Swierkiewicz,* however, held that an employment discrimination plaintiff need not plead a prima facie case of discrimination in order to withstand a motion to dismiss. It implies nothing about the appropriateness of summary judgment. As for Rule 38, we have made clear that "the granting of a motion for summary judgment where there is no genuine issue of fact is not a denial of the right to trial by jury". *United States v. Stangland,* 242 F.2d 843, 848 (7th Cir.1957); *see also, e.g., Shannon v. Graves,* 257 F.3d 1164, 1167 (10th Cir.2001); *Sengupta v. Morrison–Knudsen Co.,* 804 F.2d 1072, 1077 (9th Cir.1986).

Second, Pack repeats an argument that she believes was not addressed by the district court, namely that she was held to a different standard for promotion than were her competitors. She cites a letter from the DOD, issued in response to an earlier complaint of hers, which declared that it was "lack of pertinent experience, training, and education that is holding Mrs. Pack back, and not any form of invidious discrimination." She then argues that "[t]he selectees did not need all the education[,] training, [and] experience . . . to

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

get promoted as the [DOD] said that I needed."

Reviewing this argument *de novo*, we find that it does not support a claim of discrimination under Title VII. As the district court explained, Pack failed to call into question the honesty of the DOD's reason for its promotion decisions. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Unless that reason can be shown to be merely pretextual, this court will not put itself in the position of second-guessing the employer's decision not to consider other criteria. *See Traylor v. Brown*, 295 F.3d 783, 790 (7th Cir.2002).

The district court's order of summary judgment is AFFIRMED.